UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE HURRY FAMILY REVOCABLE
TRUST, et al.,

    Plaintiffs,

v.                                                             Case No. 8:19-mc-114-T-33CPT

CHRISTOPHER FRANKEL,

    Defendant.
_____/

## **O R D E R**

Before the Court are the Plaintiffs' *Notice of Motion to Compel Vision Financial Market LLC's Compliance with Subpoena* (Doc. 1) and Vision Financial Markets LLC's (Vision) response in opposition (Doc. 18). The Court held a hearing on the matter on January 8, 2020. For the reasons discussed below, the Plaintiffs' motion is granted.

I.

This matter stems from an action brought in November 2018 by Plaintiff the Hurry Family Revocable Trust and others (collectively, Hurry) against Defendant Christopher Frankel. *Hurry Family Revocable Trust v. Frankel*, No. 8:19-cv-2869-T-33CPT (M.D. Fla.). In that underlying action, Hurry alleges that Frankel, a former employee, unlawfully misappropriated and used Hurry's confidential information and trade secrets. *Id.* at (Doc. 1).

In January 2019, the Court entered a Case Management Scheduling Order (CSMO) establishing various deadlines, including a discovery deadline of July 26, 2019. *Id*. at (Doc. 29). In May 2019, the Court granted Hurry's request to extend that deadline to August 9, 2020. *Id*. at (Docs. 62, 65). In orders entered on June 24, 2019, and August 20, 2019, however, the Court emphasized that it was disinclined to extend this deadline any further. *Id*. at (Docs. 84, 111).

In the meantime, on June 7, 2019, Hurry served a third-party subpoena on Vision seeking certain documents. (Doc. 4, Exh. 2). Roughly two weeks later, Frankel moved in the underlying action to quash that subpoena, arguing, *inter alia*, that the subpoena was overbroad. *Hurry Family Revocable Trust*, No. 8:19-cv-2869-T-33CPT at (Doc. 76). In a letter sent to Hurry in late June 2019, Vision similarly objected to the breadth of the subpoena. (Doc. 4, Exh. 3).[1]

In July 2019, the Court conducted a hearing in the underlying action on Frankel's motion to quash. Following that hearing, consistent with the Court's guidance, Hurry and Frankel agreed to limit the scope of the Vision subpoena. That agreement was formalized in a notice filed with the Court on July 25, 2019, and mooted Frankel's motion to quash. *Hurry Family Revocable Trust*, No. 8:19-cv-2869-T-33CPT at (Docs. 101, 102).

Pursuant to the Court's instructions, *id.* at (Doc. 101 at 2), Hurry thereafter emailed Vision on July 29, 2019, notifying Vision of the amended scope of the

---

[1] Vision advised at the January 8, 2020, hearing that this was the main objection it had with Hurry's subpoena.

subpoena (Doc. 4, Exh. 4). In response, Vision's counsel emailed Hurry's counsel on August 8, 2019, stating:

> Upon receiving the modified request from you last week I asked the client to redo the search, which they did last week. Though I am on vacation now *I have reviewed the results and am working with others to prepare the emails for production. This will occur next week*.

*Id.* at Exh. 5 (emphasis added).

Notwithstanding this representation, Vision did not send the subpoenaed documents to Hurry the following week. As a result, Hurry emailed Vision on August 20 and August 22, 2019, seeking a status on the matter. *Id*. at Exh. 6. Vision replied on August 22, advising that it would provide a "response" to Hurry the ensuing week. *Id*. at Exh. 7. Five days later, Vision notified Hurry that it did "not plan on producing the [requested] documents." *Id*. at Exh. 8. When Hurry sought to confer with Vision several weeks later regarding the subpoena, Vision stated that it "d[id] not intend to discuss th[e] matter" with Hurry. *Id*. at Exh. 9.[2]

Soon thereafter, Hurry filed a motion to compel Vision's compliance with the subpoena in the District of Connecticut, which—as represented at the hearing—is where Vision is headquartered and where it was served with the subpoena. In October 2019, however, Hurry dismissed that action and re-filed it in the Southern District of New York, after realizing that compliance with the subpoena was required in that venue. (Doc. 3 at 3; Doc. 18 at 5). Upon the parties' stipulation, the matter was

---

[2] Vision offered several rationales for its refusal to speak with Hurry, including that it did not like the tone Hurry took in a prior email, that Hurry had recently sued Vision in another action, and that Hurry did not provide it with enough time to produce the documents. *Id*.

3

subsequently transferred to this district in November 2019. (Doc. 11). Vision thereafter filed its response to Hurry's motion in mid-December 2019. (Doc. 18).

II.

Local Rule 4.15 provides that "[n]o stipulation or agreement between any parties or their attorneys, *the existence of which is not conceded*, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted." M.D. Fla. R. 4.15 (emphasis added).

Here, Vision conceded at the hearing that it agreed in its August 8, 2019, email to produce the documents responsive to Hurry's narrowed subpoena. Accordingly, under Local Rule 4.15, the Court may consider Vision's agreement, which—it should be noted—also is in writing and appears to be subscribed to by Vision's counsel. Having done so, the Court sees no reason why that agreement should not be enforced under the circumstances present in this case. The Court notes in this regard that Vision acknowledged at the hearing that Hurry and Frankel's narrowing of the subpoena's scope resolved Vision's principal objection to that document request.

Vision's arguments that it should nonetheless not be required to comply with the subpoena are unavailing. Vision's primary contention in this regard is that the Court "made clear" in its August 20, 2019, Order in the underlying action that "discovery was closed [as of August 9, 2019,] and would not be reopened." (Doc. 18 at 3). This contention, however, ignores the fact that Hurry served the subpoena on Vision more than a month before the August 9 discovery deadline, that the subpoena

4

was thereafter narrowed to Vision's satisfaction, and that—as it now concedes—Vision agreed *prior* to the August 9 deadline that it would produce the requested documents. Vision cites nothing in the Court's August 20 Order that would allow it to renege on its pre-deadline agreement simply because the deadline has since expired.

Vision's alternative argument—that Hurry's motion is untimely—fares no better. As noted above, Hurry acted with reasonable dispatch in attempting to resolve its dispute with Vision without judicial intervention and, when that failed, promptly sought relief in federal court. Contrary to Vision's assertion, the fact that Hurry initially pursued this matter in the District of Connecticut (where Vision is headquartered) and then in the Southern District of New York (where compliance with the subpoena was required) does not mean that Hurry was dilatory. While the former district may not have been the proper venue to litigate this dispute, Vision does not argue that Hurry lacked authority under the rules to bring the matter in the latter forum. *See* Fed. R. Civ. P. 45(d). And Vision cannot now argue that the delay in subsequently transferring this matter to this district caused undue delay since it stipulated to that transfer.

Vision's remaining argument is that Hurry's subpoena does not appear to pertain to this lawsuit and instead appears to be an attempt by Hurry to explore other unrelated grievances it has with Vision. At the hearing, however, Vision cited no legal authority or meaningful factual support for this contention, and the Court therefore need not address it further.

III.

In light of the above, the Plaintiffs' *Notice of Motion to Compel Visions Financial Market LLC's Compliance with Subpoena* (Doc. 1) is granted.  Vision shall produce the documents in response to the Plaintiff's subpoena within seven days of the date of this Order.

DONE and ORDERED in Tampa, Florida, this 14th day of January 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record